842 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARMCO, INC., Plaintiff-Appellant,
v.
ARMCO EMPLOYEES INDEPENDENT FEDERATION, INC., Defendant-Appellee.
 No. 87-3311.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Armco Incorporated ("Armco" or "the Company"), appeals from the district court's decision enforcing the award of a labor arbitrator rendered in favor of the appellee Union. Finding no error, we affirm.
 
 I.
 
 2
 The underlying dispute in this case involves the application of Section 3.7 of the Non-Contributory Pension Plan (the "Plan") covering Armco employees represented by the Union. This provision, called the Rule of 70/80, affords employees who satisfy certain age and service criteria an early retirement contingent upon the happening of one of several specified events. Specifically, under the provisions of Section 3.7, an employee who meets the age and service requirements will be entitled to early retirement benefits if:
 
 
 3
 (a) [his] continuous service is broken ... by reason of a permanent shutdown of a plant, department or subdivision thereof, ... or
 
 
 4
 (b) [his] continuous service is not broken and [he] is absent from work by reason of:
 
 
 5
 (i) his having elected layoff status in lieu of having his employment terminated as a result of a permanent shutdown.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 In this case, after Armco shut down two operating units in one of its plants, thirteen employees filed grievances claiming that they were entitled to the 70/80 benefits. Seven of these employees were still working at the plant at the time their grievances were filed. These employees were assigned to a labor pool called "Employment Reserve" and were given temporary work assignments out of this pool until permanent positions became available. The other six employees had passed up the opportunity to go into this labor pool and instead had elected to retire under another provision of the pension plan (not the 70/80 provision).
 
 
 9
 The Company denied the employees' grievances and the matter was submitted to an arbitrator. There was no question that all thirteen grievants had met the age and service requirements necessary for the early retirement benefit. The controversy centered on whether one of the specified contingencies of Section 3.7 had occurred. After a hearing was conducted and the parties filed their post-hearing briefs, the arbitrator rendered his decision granting the grievances of the six employees who had elected to retire after their operating unit had been shut down and denying the grievances of the seven employees who had continued in Armco's employment. Although the parties had focused their arguments entirely on subsection (b) of section 3.7, the arbitrator's decision was based upon subsection (a). The arbitrator did not explain why he had relied on subsection (a) instead of subsection (b), and the arbitrator did not discuss subsection (b).
 
 
 10
 Armco then brought these proceedings in the district court to have the arbitrator's award set aside as to the six retired employees.[1] Armco made two arguments in the district court. First, the Company argued that the award should be vacated because the arbitrator exceeded his authority in addressing an issue (i.e., the applicability of subsection (a)) outside the scope of the issue presented by the parties. Second, the Company contended that subsections (a) and (b) of Section 3.7 address different sets of mutually exclusive circumstances and that, therefore, the arbitrator's award under subsection (a) was an irrational disposition of a case that both parties had assumed arose under subsection (b).
 
 
 11
 The district court rejected both of these arguments. With respect to the argument that the arbitrator had gone beyond the scope of the issue presented, the court observed:
 
 
 12
 The fact that one or both parties were under the impression that Section 3.7(b) would control whether the benefits of th [sic] Rule of 70/80 were impermissibly withheld, does not require a finding that the arbitrator exceeded his authority in his statement of the issue presented. As noted above, there is a "presumption of authority that his award is within the submission." We conclude that in the absence of a stipulated submission, we cannot find that the arbitrator "clearly exceeded" his authority in his formulation of the issue in terms of the general applicability of the Rule of 70/80 to the facts of the grievances. Therefore, if the award itself draws its essence from the contract, it will not fail for exceeding the scope of the issues presented.
 
 
 13
 J.App. at 68-69. The court then concluded that the award drew its essence from the contract in the sense that, in the court's view, the arbitrator's construction of Section 3.7(a) could not be said to be irrational. In reaching this conclusion, the court indicated that it was not persuaded by the Company's argument that the logical structure of Section 3.7 is so clear as to preclude the arbitrator's construction. J.App. at 70. This appeal followed.
 
 II.
 
 14
 On appeal, the Company evidently does not challenge the lower court's conclusion that the award drew its essence from the collective bargaining contract, nor does it challenge the arbitrator's authority to decide the grievances under subsection (a). Rather, the Company argues that industrial due process required the arbitrator to 1) notify the parties that he was going to decide the case under subsection (a), and 2) allow them an opportunity to present their views on that subsection.
 
 
 15
 While we are reluctant to address the Company's due process argument because we are not convinced that it was raised below, we nevertheless find it to be without merit. In our view, Armco received all the notice to which it was entitled. It is beyond dispute that Armco fully understood what the grievances involved and that the meaning of Section 3.7 of the Plan was in issue. Moreover, the Company was afforded a full opportunity to express its views on the application of Section 3.7. The fact that the arbitrator decided the grievances on the basis of a subsection that Armco had chosen not to address does not require a conclusion that Armco had been denied a right to be heard on that subsection. If the parties wanted to limit the arbitrator's otherwise broad discretion to frame the issue--discretion which the Company is not contesting--then they should have stipulated an issue for the arbitrator's consideration. Failing to do so, the unsuccessful party cannot now say that the process was somehow defective. That party's recourse in such a situation is to argue that the decision was substantively erroneous--i.e., that the decision did not draw its essence from the collective bargaining agreement. The Company pursued this course before the district court; the district court rejected its arguments, holding that the decision was rational and drew its essence from the contract; and the Company evidently does not challenge this conclusion. That, to our mind, is the end of the matter.
 
 
 16
 Because we agree with the lower court that the arbitrator did not exceed his authority in deciding the grievances under subsection (a) and because we agree that the decision drew its essence from the collective bargaining agreement, we AFFIRM the decision of the district court. Armco is to bear the costs of this appeal.